## KLEIN v. WILSON & CO., Inc.,

(Circuit Court of Appeals, Third Circuit. May 7, 1925.)

No. 3266.

1. Removal of causes ⬄107(9)—Order refusing to remand cause to state court not appealable.

An order denying a motion to remand a cause to a state court is not appealable.

2. Corporations ⬄684 — Receiver cannot be appointed for foreign corporation having no property in state.

An order vacating an order requiring a foreign corporation to show cause why a receiver should not be appointed, based on a finding that it had no property in the state, affirmed.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Suit in equity by Maurice I. Klein, against Wilson & Co., Inc. Appeal by complainant from orders of the District Court. 7 F.(2d) 769, 772. Affirmed.

William Harris, of Newark, N. J., for appellant.

Richard V. Lindabury and F. J. Faulks, both of Newark, N. J., and Paul D. Cravath, and Hoyt A. Moore, both of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves two questions: (1) The refusal of the court below to remand the case to the state court; (2) the action of the court in vacating a rule to show cause why receivers should not be appointed and in vacating the receivership.

[1] As to the first question, the court found, as a fact, that the complainant was a resident and citizen of New Jersey, the defendant a corporation organized under the laws of New York, and the amount in controversy was in excess of $3,000. From a refusal to remand, no appeal lies to this court (see Bender v. Pennsylvania Co., 148 U. S. 502, 13 S. Ct. 640, 37 L. Ed. 537, but, waiving that question, we may say we agree with the court's findings and its order so refusing to remand.

[2] As to the second question, the court found "that the New York corporation neither owns property nor does business in the state of New Jersey, and that under those circumstances, there is nothing for a New Jersey receiver to take under his charge"; adding, "I must give expression to a sense of poignant regret that the complainant herein should have been advised that his safety as a stockholder demanded such a cause of action as he has lodged against the defendant corporation—a course which has perilously jeopardized, not only his own security, but that of 7,000 other stockholders, great and small."

We agree with the conclusions, actions, and expressions of opinion of the court below, and its order vacating the rule to show cause and discharging the receiver is therefore affirmed